### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Bighorn Construction & Reclamation, LLC,  )<br>   )<br>        Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>RES America Construction, Inc.,   )<br>   )<br>        Defendant.   ) | **ORDER**<br><br><br>Case No. 1:21-cv-113 |

On September 19, 2022, Plaintiff's counsel filed a motion to withdraw. (Doc. No. 54). On September 20, 2022, the court granted the motion. (Doc. No. 55). No one has since entered an appearance on Plaintiff's counsel. Consequently, Plaintiff is for all intents and purposes unrepresented at present.

On September 27, 2022, Defendant filed a Motion to Dismiss. (Doc. No. 56). On February 7, 2023, it filed a Motion to Stay Pretrial Deadlines, asserting that a stay of all deadlines pending the court's disposition of its Motion to Dismiss is appropriate under the circumstances. (Doc. No. 60).

The court agrees that a stay of all pretrial deadlines is appropriate as this case is effectively at a standstill on account of Plaintiff's lack of representation. Defendant's Motion to Stay Pretrial Deadlines (Doc. No. 60) is therefore **GRANTED**. All pretrial deadlines are cancelled pending further order of the court.

Plaintiff cannot proceed pro se. See Painters Loc. Union No. 1265 v. Int'l Union of Painters & Allied Trades, No. 6:21-CV-03286-RK, 2022 WL 2374743, at *2 (W.D. Mo. June 30, 2022) ("Entities, however, must be represented in federal court by and through counsel or legal

1

representation; they cannot proceed in a pro se manner); see also S.E.C. v. Lawton, No. CIV. 09-368 ADM/AJB, 2011 WL 1467742, at *1 (D. Minn. Apr. 18, 2011) (opining that a an LLC may not be represented pro se); Lattanzio v. COMTA, 481 F.3d 137, 139 (2d. Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms ... a limited liability company also may appear in federal court only through a licensed attorney.") (internal citation omitted)); United States v. Hagerman, 545 F.3d 579, 580 (7th Cir. 2008) ("Pro se litigation is a burden on the judiciary...and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits." (internal citations omitted)).

Since the court granted the motion to withdraw, Plaintiff has had approximately five months to find new counsel. Plaintiff shall have an additional twenty-one days to retain new counsel and for new counsel to enter an appearance on its behalf. Once new counsel has entered an appearance on Plaintiff's behalf, the court shall schedule a status conference. Plaintiff should appreciate that a failure on its part to retain new counsel may have consequences both in terms of its claim and Defendants counterclaim. See e.g., Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp.2d 1221 (D.N.M. 2011) (ordering the entry of default judgment against a defendant LLC if counsel did not enter an appearance on its behalf within 10 days); Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995) (recognizing that district courts have the inherent power to, in its discretion, dismiss a case sua sponte for failure to prosecute); Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (same); Fed. R. Civ. P. 41(b); see also D.N.D. Civ. L.R. 7.1(F) (A party's failure to serve and file a memorandum or a response within the prescribed time may subject a motion to summary ruling....An adverse party's failure to serve and file a response to a motion may be deemed an

admission that the motion is well taken.").

**IT IS SO ORDERED.**

Dated this 30th day of March, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
