IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Bighorn Construction & Reclamation, LLC,<br><br>　　　　Plaintiff/Counter Defendant,<br><br>vs.<br><br><br>RES America Construction Inc.,<br><br>　　　　Defendant/Counter Claimant. | Case No. 1:21-cv-00113 |

### ORDER GRANTING, IN PART, AND DENYING, IN PART MOTION TO DISMISS

[¶1]     THIS MATTER comes before the Court on a Motion to Dismiss filed by RES American Construction Inc. ("RES") on September 27, 2022. Doc. No. 56. The Plaintiff, Bighorn Construction & Reclamation LLC ("BCR") has not filed a Response to RES's Motion to Dismiss. For the reasons set forth below, RES's Motion to Dismiss is **GRANTED**, **in part, and DENIED, in part.**

### BACKGROUND

[¶2]     This case was removed from State Court on May 21, 2021. Doc. No. 1. BCR originally filed this action in State Court for breach of contract, seeking damages in the amount of $3,479,311.96. Doc. No. 1-2. In the time since this case was removed to this Court, Counsel for BCR was permitted to withdraw as Counsel on September 20, 2022. Doc. No. 55. In making their request, Counsel for BCR explained BCR refused to furnish the requested documents necessary to prosecute this suit and had not made timely payments to Counsel. Doc. No. 54, p. 1. RES filed the current Motion to Dismiss on September 27, 2022, and now approximately ten (10) months have passed since BCR's response was due. According to the record provided by RES, BCR has not

provided requested discovery, hired new counsel, or taken any other action to prosecute this matter. RES filed its Motion to Dismiss seeking dismissal of this case with prejudice, arguing the repeated discovery violations and persistent failure to prosecute this case justifies a dismissal with prejudice. See Doc. No. 57.

[¶3]    Since the Motion to Dismiss was filed, RES filed a Supplemental Letter to the Court on November 3, 2022, requesting an expedited ruling on the Motion. Doc. No. 59. On February 7, 2023, RES filed a Motion to Stay Pretrial Deadlines until such time as the Court has ruled on RES's Motion to Dismiss. Doc. No. 60. Magistrate Judge Clare R. Hochhalter granted the Motion to Stay on March 30, 2023. Doc. No. 61. In doing so, Magistrate Judge Hochhalter noted Plaintiff cannot proceed *pro se* because it is a non-corporate entity. Id. at pp. 1-2. He noted BCR had five months to find new counsel, noting no attorney had made an appearance of record. Id. at p. 2. Magistrate Judge Hochhalter then ordered Plaintiff to retain new counsel within twenty-one (21) days from the date of that Order. Id.

[¶4]    On April 28, 2023, Magistrate Judge Clare R. Hochhalter issued another Order requiring the Parties to submit a status report to the Court by May 8, 2023, to identify what, if any, efforts they have made to resolve this case. Doc. No. 62. On May 8, 2023, RES filed a Status Report. Doc. No. 63. RES indicated both Orders from Magistrate Judge Hochhalter were met with "radio silence" from BCR. Id. at p. 1. RES then renewed its request to dismiss this case with prejudice on the merits.

## DISCUSSION

[¶5]    Fed. R. Civ. P. 41(b) governs dismissal of a case for lack of prosecution of the claims by Plaintiff. Rule 41(b) explains a dismissal under this Rule constitutes a decision on the merits of the case unless otherwise stated by the Court. Dismissal with prejudice under Rule 41(b) for failure

to prosecute has been described by the Eighth Circuit as an "extreme sanction." <u>Givens v. A.H. Robins Co.</u>, 751 F.2d 261, 263 (8th Cir. 1984). The Circuit has indicated, however, dismissal with prejudice may be "used in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint."

[¶6] Furthermore, Local Rule 7.1(F) provides that a failure on the part of an adverse party to file a response with the Court "may be deemed an admission that the motion is well taken." D.N.D. Civ. L.R. 7.1(F). BCR's failure to file a response within the prescribed time also subjects RES's Motion to Dismiss to summary ruling. <u>Id.</u>

[¶7] The Court has reviewed the entire record and agrees with RES that BCR has failed to prosecute this case and the case is, therefore, subject to dismissal. Since the time the Motion to Withdraw as Counsel was filed, BCR has repeatedly failed to participate in the litigation of this case. However, the Court disagrees dismissal with prejudice is appropriate under the circumstances. While the Court appreciates the delay caused by BCR's repeated failure to retain counsel and respond to RES's Motion caused BCR to participate in a stagnant litigation, the Court believes a potential adjudication later on the merits is the preferable outcome in the event BCR eventually retains counsel and refiles its claims. There has been limited factual development of the record regarding BCR's claims and at this juncture dismissal with prejudice is too severe a remedy. <u>See</u> <u>Givens</u>, 751 F.2d at 263 (describing dismissal with prejudice for failure to prosecute as an "extreme sanction.").

## **CONCLUSION**

[¶8] Accordingly, for the foregoing reasons, RES is entitled to dismissal for BCR's continued failure to prosecute this case. Insofar as the Motion seeks Dismissal of the Complaint, RES's

Motion to Dismiss is **GRANTED**. However, as discussed above, RES's request to dismiss the Complaint with prejudice is **DENIED**. Accordingly, this case is **DISMISSED without prejudice**.

[¶9]    **IT IS SO ORDERED**.

DATED July 20, 2023.

Daniel M. Traynor, District Judge
United States District Court